# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17-04034 |
| JASON LEWIS ZILBERBRAND, ) | |
| ) | Hon. A. Benjamin Goldgar |
| Debtor. ) | |
| ) | Chapter 7 |

## NOTICE OF MOTION

To:   Attached Service List

David Gassman has filed papers with the court to compel discovery and for sanctions.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not want the court to compel discovery, enter sanctions, or grant the relief sought in the motion, or if you want the court to consider your views on the motion, then on <u>March 12, 2018</u>, you or your attorney must:

Attend the hearing scheduled to be held on <u>March 12, 2018 at 9:30 AM</u> in Room 642 of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn St., Chicago, Illinois,

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: March 2, 2018                                David Gassman

/s/ Paul M. Bauch
One of his attorneys
Paul M. Bauch (ARDC #6196619)
Carolina Y. Sales (ARDC #6287277)
BAUCH & MICHAELS, LLC
53 W. Jackson Boulevard, Suite 1115
Chicago, Illinois 60604
Tel.: (312) 588-5000
Fax: (312) 427-5709

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on March 2, 2018, we caused this document to be served upon the persons identified above or on the attached service list by ❑ personally delivering a copy to the recipient at his or her respective address before 4:00 P.M; or ❑ mailing a copy to the recipient at his or her respective address by depositing the same in United States Post Office Box with proper first class postage affixed thereto; or ❑ personally delivering a copy to the recipient at his or her respective facsimile transmittal number, this transmittal being sent from a facsimile machine at 312-427-5709, and a copy of the facsimile transmittal record being attached hereto; or ☑ electronically delivering a copy through the Court's CM/ECF filing system.

/s/ Paul M. Bauch

## **SERVICE LIST**

**Via CM/ECF to**

Ilene F. Goldstein, Esq., ifgcourt@aol.com
Jeffrey C. Dan, jdan@craneheyman.com
Patrick S. Layng, USTPRegion11.ES.ECF@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JASON LEWIS ZILBERBRAND, | ) | Hon. A. Benjamin Goldgar |
| | ) | |
| Debtor. | ) | Case No. 17-04034 |

## MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

David Gassman ("Gassman"), by and through his attorneys, Bauch & Michaels, LLC, hereby moves this Court for entry of an order compelling Jason Lewis Zilberbrand (the "Debtor") to produce documents and otherwise respond to Gassman's discovery requests pursuant to this Court's Amended Final Pretrial Order [ECF No. 41], which set February 21, 2018 as the final discovery cut-off for sanctions for his failure to comply including barring the Debtor from presenting evidence in support of his positions at the hearing:

### I. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### II. BACKGROUND

3. On February 13, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7, Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Court").

4. Gassman is a creditor who holds an unsatisfied judgment and other claims against the Debtor. During the case, Gassman pursued extensive Rule 2004 discovery from the Debtor and other third parties. Debtor's compliance with the Rule 2004 was (at best) spotty. The Debtor, other than tax returns and his Merrill Lynch CMA account, failed to produce substantial volumes of financial records, including in particularly credit cards accounts upon which he made over $366,102 in payments in the two years preceding the bankruptcy. The Rule 2004 discovery reflected a pattern of abuse by a financially self-sufficient debtor to exhaust his assets on an extravagant lifestyle and to transfer assets out of the reach of creditors in the two years leading up to his bankruptcy. Based in part on the Rule 2004 investigation, on August 4, 2017, Gassman filed a Motion to Dismiss the Debtor's bankruptcy case pursuant to Section 707(a) of the Bankruptcy Code under the principles set forth in *In re Schwartz*, 799 F. 3d 760 (7th Cir. 2015) [ECF No. 24].

5. As set forth in the Motion to Dismiss, in late 2014, the business that the Debtor had purchased from Gassman closed and filed for Chapter 7 bankruptcy relief. Shortly thereafter, Gassman brought an action seeking to recover the balance due for the sale approximately $275,00. In late January 2015, the Debtor sold certain real property and realized approximately $373,000 in cash. Moreover, in the two years preceding the bankruptcy, the Debtor received approximately $1 million into his CMA account. Rather than paying his creditors, the Debtor went on a spending spree that included leasing two luxury vehicles, purchasing a motorcycle and snowmobile, leasing a luxury single family home, and purchasing other luxury

personal items, much with more borrowed money. In addition, slightly more than a year before the bankruptcy, the Debtor transferred his interest in his CMA account to his wife as TBE and made distributions to her in the months leading up to his bankruptcy. All the while the Debtor continued to earn approximately $200,000 a year from his aircraft brokerage business.

6. On December 6, 2017, this Court entered its Final Amended Pretrial Order, which set deadlines for discovery and pretrial filings [ECF No. 41]. The Motion to Dismiss is set for trial on March 14, 2018.

7. Gassman served focused document requests upon the Debtor seeking, inter alia, basic financial records (the "Document Requests"). The Debtor has failed to respond to numerous documents request including: documents that would identify the source of the deposits into his CMA account, documents relating to purchases on his American Express and Visa card, documents relating to luxury goods, weapons and sporting equipment purchased, and finally, documents relating to his receipts and disbursements after the filing of his bankruptcy petition.[1]

---

[1] Because the Debtor failed to respond to documents requests in a timely manner, Gassman served subpoenas on VW Financial, Bank of American (Visa Card), Merrill Lynch and American Express. The production of documents by these third parties revealed additional documents that had not been produced by the Debtor during the Rule 2004 investigation. For example, Merrill Lynch produced additional statements for the CMA account after December 31, 2016, that reflected additional substantial deposits and disbursements, including additional transfers to the Debtor's wife.

## ARGUMENT

8. This Court should compel the Debtor to produce all documents requested by Gassman and should sanction the Debtor for his noncompliance by either dismissing this case or barring the Debtor from presenting any evidence.

9. Rule 9014 general makes the general discovery Rules 7026 and 7028-7037 applicable to contested matters such as this Motion to Dismiss for bad faith. As such, the Debtor had a duty to cooperate in discovery and make timely production of documents. Here, Gassman made timely, narrowly focused requests for documents relating to the Debtor significant receipts and expenditures in the two years preceding the voluntary production. When the Debtor failed to comply, Gassman was forced to incur the expense of subpoena third parties to obtain the documents that were in either the actual or constructive control of the Debtor. Notwithstanding the foregoing, Gassman has failed to receive any production from American Express despite complying with their multiple requests for additional identifying information.

10. Moreover, the Debtor has squarely placed his post-petition financial condition at issue by raising a "poverty" defense. *See* Debtor's Trial Exhibit 6. The Debtor's CMA accounts reflects the receipt of substantial deposits,[2] but only limited expenditures for living expenses. Unless the Debtor's landlord and other postpetition creditors have gone without payment for the last year, the Debtor must

---

[2] The Debtor's CMA account reflects a $43,000 transfer credit on June 26, 2017.

4

have other sources of income and other financial accounts.[3] Yet, none has been voluntarily produced.

11. One of the significant factors in assessing a debtor's good faith in a case is his degree of cooperation. The Debtor has not cooperated, and Gassman has only been able to assemble a picture of the Debtor's financial affairs by aggressively pursing Rule 2004 and Rule 26 discovery. This is not what is required of a Debtor. Thus, Section 105, Rule 7016, and Rule 7037 empower the Court to impose an appropriate sanction for the Debtor's noncompliance.

WHEREFORE, Gassman requests the entry of an order:

(a) Compelling the Debtor to produce all documents responsive to Gassman's requests;

(b) Ordering that this case be dismissed, or that the Debtor be barred from presenting evidence to oppose the Motion to Dismiss at the hearing; and

(c) For such other relief as this Court deems just.

---

[3] The Debtor's CMA account reflects a $5,200 check clearing payable to Platinum Prop Mgmt, Inc. on December 6, 2017, presumably for rent on the Debtor's residence. Thus, there is no record of the Debtor's payment of rent during the postpeition period, a $46,800 expense.

Dated: March 2, 2018                    David Gassman

                                        /s/ Paul M. Bauch
                                        One of his attorneys

                                        Paul M. Bauch (ARDC #6196619)
                                        Carolina Y. Sales (ARDC #6287277)
                                        BAUCH & MICHAELS, LLC
                                        53 W. Jackson Boulevard, Suite 1115
                                        Chicago, Illinois 60604
                                        Tel.: (312) 588-5000
                                        Fax: (312) 427-5709


    I hereby certify that I have or have attempted to confer with the Debtor's counsel on numerous occasions as evidence by the telephone conferences and emails on February 6, 22, 26 and 27, 2018; January 30, 2018; December 4 and 23, 2017; November 1, 2017; and October 11 and 26, 2017, copies of which are attached hereto as **Exhibit 1**, and that despite our best efforts to come to an agreement, the Debtor has failed to produce documents that were requested in writing in connection with this contested matter.


                                        /s/ Paul M. Bauch

6