STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JASON LEWIS ZILBERBRAND, | ) | Hon. A. Benjamin Goldgar |
| | ) | |
| Debtor. | ) | Case No. 17-04034 |

## AFFIDAVIT OF PAUL M. BAUCH

I, Paul M. Bauch, being first duly sworn, on oath, state:

1. I am an attorney and a member of Bauch & Michaels, LLC ("Bauch & Michaels") a law firm with offices at 53 West Jackson Boulevard, Suite 1115, Chicago, Illinois 60604.

2. I am admitted to practice in the States of Florida and Illinois and the District of Columbia. I am also admitted to practice before this Court and am a member of its trial bar.

3. On February 13, 2017 (the "Petition Date"), Jason Lewis Zilberbrand (the "Debtor") filed a voluntary petition for relief under Chapter 7, Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*., (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Court"). Ilene F. Goldstein (the "Trustee") was appointed trustee for the Debtor's estate.

4. This Affidavit is prepared in connection with the Application for an Order Authorizing the Trustee's Employment and Retention of Litigation Special

Counsel (the "Application"), in which the Trustee seeks authority to employ Bauch & Michaels as her litigation counsel in this case.

5. Except as specifically set forth herein, I have, to the best of my knowledge, no connection with the Debtor, any of his affiliated entities, creditors or any other parties in interest herein, or his respective attorneys and accountants.

6. Bauch & Michaels was consulted and retained by David Gassman ("Gassman"), a creditor who holds an unsatisfied judgment and other claims against the Debtor. During the course of its representation of Gassman, Bauch & Michaels provided reasonable and necessary services and incurred expenses.

7. Bauch & Michaels represented Gassman individually in connection with claims in other cases. In addition, Bauch & Michaels represented entities owned by Gassman, including 800 W. Belmont, Inc. and 3210 N. Halsted, Inc. in the bankruptcy case *In re Calahan's* Taverne & Grille, Inc., Case No. 14-45451 (Bankr. N.D. Ill.).

8. Furthermore, Gassman has agreed to pay Bauch & Michaels fees and expenses in connection with its representation of the Trustee in this case, subject to Gassman seeking reimbursement from the estate for any fees and costs advanced in connection with future Applications for Compensation that Bauch & Michaels may file in the case.

9. As part of my diverse practice, I appear in cases, proceedings and transactions involving many different professionals, including attorneys, accountants, financial consultants and investment bankers, some of which may

2

represent claimants and parties in interest in the Debtor's Chapter 7 case. In addition, I may have in the past or may currently be representing other professionals involved in this case in matters unrelated to this case. Based on my current knowledge of the professionals involved, and to the best of my knowledge, I do not represent or have a relationship with any attorneys, accountants, financial consultants or investment bankers that would be adverse to the Debtor or his estate on the matters upon which Bauch & Michaels is to be retained.

10. I may have in the past represented, and may in the future represent, creditors of the Debtor in matters unrelated to this case. I am confident that my representation of such creditors in such unrelated matters will not affect my representation of the bankruptcy estate on the matters for which I have been retained in these proceedings. Other than as stated herein, I have determined that I have not represented any of the Debtor's creditors in matters related to this bankruptcy case.

11. To the best of my knowledge, I have no connection with the United States Trustee, the Bankruptcy Judge in this case, or any person employed by the Office of the United States Trustee.

12. Subject to Court approval and in accordance with Sections 330(a) and 331 of the Bankruptcy Code, Bauch & Michaels will seek payment for compensation on an hourly basis, and reimbursement of actual, necessary expenses incurred by me. My customary hourly rate as charged to both bankruptcy and non-bankruptcy

clients, subject to periodic adjustments to reflect economic and other conditions, is $400 per hour. My hourly rate is subject to change.

13. In connection with the reimbursement of actual, necessary expenses, it is our policy to charge clients in all areas of practice for expenses incurred in connection with the client's representation. These expenses and charges may include conference call telephone charges, volume mail and express mail charges, messenger services, hand delivery and other delivery charges, travel expenses, computerized research, transcription costs, document processing, volume photocopying charges, and other extraordinary expenses such as secretarial overtime.

14. Excepts as set forth herein, I have received no promises as to compensation or payment in connection with this case other than in accordance with the provisions of the Bankruptcy Code. I have no agreement with any other entity to share with such entity any compensation received by me in connection with this Chapter 7 case.

15. Based upon the information available to me, the undersigned represents that Bauch & Michaels, insofar as I have been able to ascertain, holds or represents no interest adverse to the Debtor or his estate in the matters for which it seeks to be engaged. Based on the foregoing, I believe that the Trustee's proposed retention of Bauch & Michaels for the purposes set forth in the Application complies with the requirements of Section 327 of the Bankruptcy Code.

16. I represent that the foregoing constitutes a complete and full disclosure of all prior and current representation of clients that have any connection to this case. I have conducted a reasonable investigation to discover any conflicts. I will supplement and amend this Affidavit should I discover further pertinent relationships that require disclosure in these cases.

17. My retention to perform the services described in the Application is in the best interests of the Debtor's estate. To the best of my knowledge, the information contained herein is true and accurate.

I hereby certify under penalties of perjury that the foregoing statements are true and correct to the best of my knowledge.

Dated this 6th day of November 2018

/s/ Paul M. Bauch
Paul M. Bauch (ARDC #6196619)
Carolina Y. Sales (ARDC #6287277)
BAUCH & MICHAELS, LLC
53 W. Jackson Boulevard, Suite 1115
Chicago, Illinois 60604
Tel.: (312) 588-5000
Fax: (312) 427-5709