# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17-04034 |
| JASON LEWIS ZILBERBRAND, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | Honorable A. Benjamin Goldgar |
| ) | |
| ) | |
| ILENE F. GOLDSTEIN, not individually ) | |
| but as chapter 7 Trustee for the Estate of ) | |
| Jason Lewis Zilberbrand, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. _____ |
| ) | |
| NICOLE ZILBERBRAND, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS

Ilene F. Goldstein, not individually, but as chapter 7 Trustee for the estate of Jason Lewis Zilberbrand ("Plaintiff" or "Trustee"), pursuant to 11 U.S.C. §§ 548 and Fed. R. Bankr. P. 7001(1), brings this adversary proceeding to avoid and recover transfers made to the Debtor's wife, Nicole Zilberbrand ("Defendant"), and respectfully alleges as follows:

## JURISDICTION

1. The United States District Court for the Northern District of Illinois has jurisdiction over this matter, pursuant to 28 U.S.C § 1334 and 28 U.S.C. § 157(a).

2. This matter is a core proceeding pursuant to 28 U.S.C §§ 157(b)(2)(A), (b)(2)(E), and (b)(2)(H).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1408.

## PROCEDURAL HISTORY

4. On February 13, 2017, Jason Lewis Zilberbrand ("Debtor") commenced this bankruptcy case by filing a voluntary petition for relief under 11 U.S.C § 301.

5. This is an adversary proceeding filed to avoid and recover fraudulent transfers made by the Debtor prior to the commencement of the Debtor's bankruptcy case. Specifically, the Plaintiff seeks the entry of a judgment against the Defendant: (a) avoiding multiple transfers pursuant to 11 U.S.C. §§ 548(a)(1)(A) and/or 548(a)(1)(B), and (b) directing the Defendant to pay an amount to be determined at trial that is not less than the amount of avoidable transfers, plus interest and costs, pursuant to 11 U.S.C. § 550(a).

## PARTIES

6. Plaintiff is the Trustee of the estate of the Debtor.

7. Defendant is the spouse and therefore an insider of the Debtor.

## BACKGROUND

8. Prior to the petition date the Debtor, was employed as an aircraft broker by entities in which he or his family members owned an interest.

9. On March 5, 2014, the Debtor and other investors entered into an agreement to purchase David Gassman's ("Gassman") long standing business Calahan's Taverne & Grille, Inc, d/b/a Spin ("Callahan's) in a stock sale. The Debtor and the investors agreed to deliver $500,000 cash consideration and a $260,000 promissory note in payment of the purchase price. The Debtor also executed a personal guarantee of Callahan's lease of certain real property, also owned indirectly by Gassman.

10. On March 11, 2014, the Debtor implemented an aggressive asset protection plan for his existing assets and a new aircraft brokerage business.

2

11. The purpose of this plan was to transfer the Debtor's assets out of the reach of creditors by transferring his real property and business interests, directly or indirectly, to series limited liability companies that were owned by a Delaware self-settled tenancy by the entireties trust.

12. On May 23, 2014, the Calahan's stock sale and related transaction closed and the Debtor took control of the business. The Debtor and his investors implemented a rebranding of the Calahan's business that ultimately proved unsuccessful.

13. No later than August of 2014, the Debtor and his investors were already in default under the promissory note and the lease. On September 10, 2014, the Debtor executed a Second Amendment to the stock purchase agreement and an amendment to the lease that provided for the curing of defaults and the reinstatement of the promissory note and lease. Notwithstanding the foregoing, by Thanksgiving of 2014 the Debtor and his investors were engaged in a series of disputes, effectively out of business, and once again in default on the promissory note and lease.

14. On December 14, 2012, Gassman's affiliated landlord entity filed a forcible entry and detainer action against the Debtor and other seeking to recover possession of the Premises.

15. On December 22, 2014, the Debtor caused Calahan's to file a voluntary petition for relief under Chapter 7 (Northern District of Illinois case no. 14-45451). Calahan's Schedules disclosed assets of $35,000 and liabilities in excess of $1,184,699. On April 1, 2015, the bankruptcy court approved a settlement, pursuant to which Gassman paid Calahan's trustee $17,000 for all of the estate's interest in any personal property on the premises, the rejection of the lease, and the release of any preference or other avoidance claims.

16. On December 23, 2014, Gassman filed an action against the Debtor to enforce the promissory note. Gassman attorney provided a copy of the complaint to the Debtor's attorney contemporaneously with the filing of the action.

17. The Debtor was the beneficial owner of a condominium property ("Aberdeen").

18. On January 29, 2015, the Debtor closed on the sale of his Aberdeen condominium.

19. Contemporaneously, the Debtor caused the net proceeds of the sale (approximately $372,602.05) to be deposited into the Debtor's personal account at Merrill Lynch (the "Merrill Lynch Account").

20. On March 30, 2016, the Debtor converted the Merrill Lynch Account to one owned in tenancy by the entirety, jointly-held with the Defendant. (As Illinois does not recognize tenancy by the entirety in personal property, this "TBE" designation was of no legal effect.)

21. At that time, the Merrill Lynch Account held approximately $199,000.00.

22. The Debtor received no consideration from the Defendant for transferring to her half of his interest (valued at approximately, $99,500.00) in the Merrill Lynch Account.

23. On October 26, 2016, Gassman was awarded a judgment against the Debtor in the amount of $275,024.08.

24. On November 30, 2016, the Debtor transferred $21,000.00 from the Merrill Lynch Account to the Defendant.

25. On December 8, 2016, Gassman was awarded attorney's fees of $92,925.55, in addition to the judgment referenced above.

26. On December 12, 2016, the Debtor transferred $12,000.00 from the Merrill Lynch Account to the Defendant.

27. On January 18, 2017, the Debtor transferred $32,500.00 from the Merrill Lynch Account to the Defendant.

28. On January 25, 2017, the Debtor transferred $13,000.00 from the Merrill Lynch Account to the Defendant.

29. Within two years of the petition date, the Debtor had received into the Merrill Lynch Account, and transferred out of the Merrill Lynch Account, approximately $1,050,000.00.

30. Within two years of the petition date, as one component of that $1,050,000.00, the Debtor had transferred no less than $21,405.20 to Audi Financial, to fund for a car lease for the Defendant. (Plaintiff refers to the $99,500.00 referenced in paragraph 22, the funds referenced in paragraphs 24, 26, 27, 28, and 30, and all other funds transferred to the Defendant, or transferred to another party for the Defendant's benefit, as "the Transfers".)

31. On February 13, 2017, as recited above, the Debtor filed for relief under chapter 7 of the United States Bankruptcy Code.

32. The Debtor's original schedule A/B, filed on the petition date, reflects a total liquidated value of the Debtor's assets of only $76,973.54; assets valued as "unknown" are speculative (a claim for "fraud, breach of contract") or materially valueless (two dogs).

33. The Debtor's schedule E/F, filed on the petition date, reflects total nonpriority liquidated claims in the amount of $655,854.82 (of which, Gassman's claim is valued at $350,000.00).

34. Additionally, the Debtor's schedule E/F listed that he owed his ex-wife nothing as to a priority domestic support arrearage as of the petition date, but on January 26, 2018, Candice M. Zilberbrand filed such claim, asserting that $5,224.00 was owed.

## COUNT I

### (Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(A))

35. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 34 above, as if fully restated herein.

36. Pursuant to § 548(a)(1)(A) of the Bankruptcy Code, the trustee may avoid any transfer of an interest of the debtor in property incurred by the Debtor, that was made or incurred on or within two years before the date of filing the petition, if the Debtor voluntarily or involuntarily made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was, or became, indebted.

37. Debtor and Defendant knew about the pendency of the Gassman claim at such time as the Debtor made all of the Transfers.

38. All of the Transfers above were voluntarily made by the Debtor with actual intent to hinder, delay, or defraud Gassman and other creditors to which the Debtor was indebted as of the date such Transfers were made.

39. By reason of the foregoing, all of the Transfers referenced above are avoidable pursuant to 11 U.S.C. § 548(a)(1)(A).

**WHEREFORE** the Plaintiff requests that this Court enter judgment in her favor and against the Defendant on Count I as follows: (i) declaring that the Transfers are an avoidable transfer pursuant to 11 U.S.C. § 548(a)(1)(A); and (ii) granting such other and further relief as the Court deems just and equitable.

## COUNT II

### (Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B))

40. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 39 above, as if fully restated herein.

41. Pursuant to § 548(a)(1)(B) of the Bankruptcy Code, the trustee may avoid any transfer of an interest of the debtor in property incurred by the Debtor, that was made or incurred on or within two years before the date of filing the petition, if the Debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for such transfer or obligation, and was insolvent on the date that such transfer was made, or became insolvent as a result of such transfer or obligation, or was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was unreasonably small capital, or intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured, or made such transfer to the benefit of an insider under an employment contract not in the ordinary course of business.

42. Debtor received less than a reasonably equivalent value in exchange for the Transfers.

43. The Debtor's Transfers were transactions related to which the property remaining with the Debtor was unreasonably small capital, and the debtor intended to incur, or believed that he would incur, debts beyond his ability to pay.

44. By reason of the foregoing, all of the Transfers referenced above are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

**WHEREFORE** the Plaintiff requests that this Court enter judgment in her favor and against the Defendant on Count II as follows: (i) declaring that the Transfers are an avoidable pursuant to 11 U.S.C. § 548(a)(1)(B); and (ii) granting such other and further relief as the Court deems just and equitable.

## COUNT III

### (Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 544(a))

45. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 44 above, as if fully restated herein.

46. Under Illinois law, all of the Transfers referenced above were fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer with the intent to hinder, delay, or defraud any creditor of the debtor, or, without receiving a reasonably equivalent value, in exchange for the transfer or obligation, and the Debtor was engaged or about to engage in business for which the remaining assets were unreasonably small, or, intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they came due. 740 ILCS 160/5.

47. Under § 544(a) of the United States Bankruptcy Code, the Trustee shall have, as of the commencement of the case, all rights and powers of a creditor with a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, with an unsatisfied execution, and a bona fide purchaser of real property.

48. By reason of the foregoing, all of the Transfers referenced above are avoidable pursuant to 11 U.S.C. § 544(a).

**WHEREFORE** the Plaintiff requests that this Court enter judgment in her favor and against the Defendant on Count III as follows: (i) declaring that the Transfers are an avoidable transfer pursuant to 11 U.S.C. § 544(a); and (ii) granting such other and further relief as the Court deems just and equitable.

## COUNT IV

**(Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)**

49. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 48 above, as if fully restated herein.

50. Under § 550 (a) of the United States Bankruptcy Code, to the extent that a transfer is avoided under 11 U.S.C. §§ 544 or 548, the Trustee may recover, for the benefit of the estate, the property transferred, from the initial transferee of such transfer, or the entity for whose benefit such transfer was made, or, any immediate or mediate transferee of such initial transferee.

51. The Defendant was the initial transferee, or the person for whose benefit the transfers were made, of all of the transfers referenced above.

52. The value of the transfers, to the extent they are avoided pursuant to 11 U.S.C. §§ 548 and/or 544, may be recovered by the Plaintiff pursuant to 11 U.S.C. § 550.

**WHEREFORE**, the Plaintiff requests that this Court enter judgment in her favor and against the Defendants on Count IV as follows: (i) declaring that the Plaintiff may recover the full value of all Transfers from the Defendant pursuant to 11 U.S.C. § 550; (ii) ordering the Defendant to pay to the Plaintiff the value of the aggregate amount of the Transfers in an amount not less than all monies transferred to, or for the benefit of, the Defendant, plus all interest, costs and fees to the extent permitted by applicable law; and (iii) granting such other and further relief as the Court deems just and equitable.

*(signature on page following)*

Dated:  February 11, 2019　　　　　　　　　　**Ilene F. Goldstein, not individually, but as chapter 7 Trustee of the estate of Jason Lewis Zilberbrand**

　　　　　　　　　　　　　　　　　　　　　　By:   */s/ Paul M. Bauch*　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　*One of the Plaintiff's Attorneys*

Paul M. Bauch (ARDC #6196619)
Carolina Y. Sales (ARDC #6287277)
Justin R. Storer (ARDC #6293889)
Lakelaw
53 W. Jackson Street, Suite 1115
Chicago, IL 60604
Phone: (312) 360-1501
pbauch@lakelaw.com