# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 17-04034 |
| **Jason Lewis Zilberbrand,** ) | Honorable A. Benjamin Goldgar |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | Case No. 19 AP _____ |
| **Ilene F. Goldstein, not individually** ) | |
| **but as Trustee for the estate of Jason** ) | |
| **Lewis Zilberbrand,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **Jason Lewis Zilberbrand,** ) | |
| Defendant. ) | |

## COMPLAINT TO REVOKE DISCHARGE

Now comes Ilene F. Goldstein ("Trustee" or "Plaintiff"), not individually but as Trustee for the estate of Jason Lewis Zilberbrand ("Debtor" or "Defendant"), and now complaining to revoke the Debtor's discharge:[1]

### JURISDICTION AND VENUE

1. This is a proceeding to revoke a debtor's discharge, which arises under title 11. 11 U.S.C. § 727(d).

2. The United States District Court for Northern District of Illinois has jurisdiction over proceedings that arise under title 11. 28 U.S.C. § 1334(b).

---

[1] All chapter, section and rule references, unless otherwise noted, are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Code"), and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

3. Venue over a proceeding arising under title 11 is proper in this district under 28 U.S.C. § 1409(a).

4. Pursuant to Local Rule of the United States District Court for Northern District of Illinois, all bankruptcy cases and all proceedings that arise under title 11 have been referred, as permitted by 28 U.S.C. § 157(a), to the United States Bankruptcy Court for Northern District of Illinois.

5. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (J).

### PARTIES

6. The Defendant is an individual that resides at 4560 Eleanor Avenue, Long Grove, IL 60047.

7. Plaintiff is the duly-appointed chapter 7 Trustee in the bankruptcy case of the Defendant.

### HISTORY

8. On February 13, 2017, Defendant filed a voluntary petition under chapter 7 of the Bankruptcy Code.

9. On August 4, 2017, creditor David Gassman filed a motion to dismiss the Defendant's bankruptcy case for "cause" pursuant to 11 U.S.C. § 707(a) ("the Motion to Dismiss"), arguing that the Defendant had sufficient income to make payments to his creditors such that a granting of a discharge would allow the Defendant to avoid payment of his debts "without adequate reason."

10. The Motion to Dismiss gave rise to extensive litigation, discovery, and the presentation of evidence before the Bankruptcy Court.

11. On February 23, 2018, the Defendant had filed a motion in his divorce proceeding, case 11 D 1725, at the Circuit Court of Cook County (the "Circuit Court"), seeking to modify his child support obligation ("the "Motion to Modify").

12. On March 14, 2018 and March 15, 2018, in connection with the Motion to Dismiss, the Debtor appeared and testified before the Bankruptcy Court about his financial circumstances, including his past earnings, his current employment status, and the status of his aircraft brokerage business.

13. On March 15, 2018 the Bankruptcy Court made finding of fact and conclusion of law and denied the motion to dismiss. [ECF. No. 74]. The Bankruptcy Court's findings and conclusions were premised in large part upon the Defendant's testimony that his aircraft brokerage company was out of business, that he was unemployed and that he had no current source of income.

14. On March 15, 2018, the Defendant's discharge was issued.

15. The Defendant obtained his discharge by fraud in that he gave false testimony regarding his employment status and income and the status of his aircraft brokerage business in connection with the proceeding on the Motion to Dismiss, and the Trustee did not know of such fraud until after the discharge was granted.

16. In January of 2019, in furtherance of the Motion to Modify, the Defendant and his wife, Nicole Zilberbrand ("Nicole"), presented evidence that contradicted the evidence that had been presented to the Bankruptcy Court on March 14 and 15, 2018, such that the Circuit Court found that the Defendant was "hiding assets from the bankruptcy court," and that the Bankruptcy Court did not know "about the income [the

Defendant] was hiding under his wife's name." (Two short excerpts of the Circuit Court's findings are attached hereto and incorporated herein as Exhibit 1.)

17. The Trustee learned of the Circuit Court's findings, and the evidence that had been presented to the Circuit Court, in February of 2019.

*Defendat misrepresented his employment status, and his continued operation of his aircraft brokerage business, to the Bankruptcy Court*

18. On March 14, 2018, the Defendant testified before the Bankruptcy Court that his employer, Aurum Jets (an aircraft brokerage) had "closed its doors," that he was not employed by anyone, and that he was unemployed.

19. The Defendant further testified that he was not operating any type of business, and that he was "attempting to get a consulting job."

20. On March 10, 2018, the Defendant had updated his Facebook status to reflect that he was President of an organization called Vref, doing business as an "Aircraft and Helicopter valuation guide[.]"

21. The Defendant later testified, at a November 28, 2018 discovery deposition attendant to the Motion to Modify, that he had been working for Aerospace Data Solutions as president of an asset valuation publishing guide, Vref, since March of 2018.

22. However, on June 22, 2018, Arum Jets or the Defendant received a commission relating to the sale of an aircraft in the gross amount of $63,294.80.

23. The Defendant thereafter attempted to conceal this income by causing the aircraft escrow service to transfer it to Nicole's separate deposit account.

24. The Defendant's testimony at the March 14, 2018 hearing was false, and intended to fraudulently mislead the Bankruptcy Court about his current and future earning potential, his then-current employment status, and the continued operation of his aircraft brokerage business.

### *Defendant concealed 2017 income by having Arum Jets transfer commission income to Nicole*

25. On March 14, 2018, the Defendant testified before the Bankruptcy Court that: "In 2017 I made a total of $53,000."

26. In June of 2017, Arum Jets or the Defendant had received a commission relating to the sale of an aircraft in the gross amount of $97,000.00.

27. The Defendant thereafter attempted to conceal this income by causing the aircraft escrow service to transfer it to Nicole's separate deposit account and reflecting it as Nicole's income on a Schedule C to the Defendant and Nicole's joint 2017 federal tax return.

28. On or about January 11, 2019, Nicole testified at deposition that she only filled out some paperwork, and remembered nothing of the transaction:

> *Q: You don't remember how you earned $97,000?*
> *A: I don't remember.*

29. At the hearing on the Motion to Modify, the Defendant's attorney defended the concealment of income as "bankruptcy planning": "Yeah, it appeared on Nicole's [tax return]. Whether that's permissible or not, and the [Bankruptcy] Court acknowledged, okay, people do do some bankruptcy planning."

30. The Circuit Court found that when the Bankruptcy Court denied the motion to dismiss the Defendant's chapter 7, it was unaware of the additional income that had been concealed in Nicole's account: "But that [Bankruptcy] Court when it made its ruling… where it says that it [Zilberbrand] has no household income was unaware of the testimony that I heard here regarding the additional income that was hidden in Mrs. Zilberbrand that actually was income of Mr. Zilberbrand."

31. The Circuit Court also found that: "I do not find your client [the Defendant] credible about his lack of ability to make income in light of the fact that he's hiding assets from the bankruptcy court and that he's speaking out of both sides of his mouth to this Court."

32. The Circuit Court further found that: "[The Bankruptcy Court] didn't know about the income he was hiding under his wife's name."

33. The Defendant's testimony at the March 14, 2018 hearing on Gassman's Motion to Dismiss was false, and intended to fraudulently mislead the Bankruptcy Court about his earning potential. He had concealed this falsehood by means of having the $97,000 commission income deposited to Nicole's separate deposit account and reporting it on Nicole's Schedule C.

## COUNT 1: REVOCATION OF DISCHARGE

34. Plaintiff repeats and realleges paragraphs 1 through 33 above, as though fully set forth herein.

35. Section 727(d)(1) of the United States Bankruptcy Code provides "On request of the trustee… and after notice and a hearing, the court shall revoke a discharge

granted under subsection (a) of this section if such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge."

36. The repeated false testimony presented to the Bankruptcy Court was fraud.

37. The repeated false testimony was presented knowingly.

38. The repeated false testimony related to material facts of the case.

39. The Trustee did not know of such fraud until after the discharge was granted.

40. Such request for revocation of a discharge may be made within one year of the granting of the discharge. 11 U.S.C. § 727(e).

41. This Complaint is filed within one year of the granting of the discharge.

**WHEREFORE**, Trustee respectfully requests that this Honorable Court enter an order revoking the Defendant's discharge and issuing such other relief as is equitable and just.

Respectfully Submitted,

/s/ Ilene F. Goldstein
Ilene F. Goldstein, not individually but as chapter 7 trustee of the debtor's estate

Paul M. Bauch (ARDC # 6196619)
Carolina Y. Sales (ARDC #6287277)
Justin R. Storer (ARDC #6293889)
Bauch & Michaels, LLC d/b/a Lakelaw
53 W. Jackson Blvd., Suite 1115
Chicago, Illinois 60604
(312) 588-5000
Fax (312) 427-5709
pbauch@lakelaw.com