# SETTLEMENT AGREEMENT

On April 13th, 2020, **Jason Lewis Zilberbrand** and **Nicole Zilberbrand** (the "Debtors") and **Ilene F. Goldstein, not individually, but in her capacity as chapter 7 Trustee for Jason Lewis Zilberbrand** (the "Trustee," and collectively with the Debtors, the "Parties"), hereby enter into the following Settlement Agreement (the "Settlement Agreement"), which is intended by the Parties to fully and finally compromise, resolve, and settle the issues between the Parties, subject to the terms and conditions set forth below:

**WHEREAS,** on February 23, 2017, Jason Lewis Zilberbrand filed his voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), commencing Case No. 17 B 04034; and

**WHEREAS,** Jason Lewis Zilberbrand received a chapter 7 discharge by order entered on March 15, 2018, and

**WHEREAS,** on February 11, 2019, Trustee commenced adversary proceeding *Ilene F. Goldstein, not individually, but in her capacity as chapter 7 Trustee for the Estate of Jason Lewis Zilberbrand v. Nicole Zilberbrand*, Case No. 19 AP 00092 in the Bankruptcy Court, an adversary complaint against Nicole Elizabeth Zilberbrand to avoid certain fraudulent transfers, and

**WHEREAS,** on April 12, 2019, in case 19 AP 00092, judgment was entered in favor of the Trustee and against Nicole Elizabeth Zilberbrand in the amount of $199,405.20, plus all costs and fees, with interest to accrue pursuant to applicable law (the "Judgment"); and

**WHEREAS,** on March 12, 2019, the Trustee commenced adversary proceeding *Ilene F. Goldstein, not individually, but in her capacity as chapter 7 Trustee for the Estate of Jason Lewis Zilberbrand v. Jason Lewis Zilberbrand*, Case No. 19 AP 00129 in the Bankruptcy Court, an adversary complaint against Jason Lewis Zilberbrand seeking to revoke his discharge, and

**WHEREAS,** on July 1, 2019, Nicole Elizabeth Zilberbrand filed her voluntary petition for relief under chapter 7 of the Bankruptcy Code in in the Bankruptcy Court, commencing Case No. 19 B 18655, and

**WHEREAS,** on October 3, 2019, as a creditor of Nicole Elizabeth Zilberbrand by virtue of the Judgment in her favor in case 19 AP 00092, the Trustee commenced adversary proceeding *Ilene F. Goldstein, not individually, but in her capacity as chapter 7 Trustee for the Estate of Jason Lewis Zilberbrand v. Nicole Elizabeth Zilberbrand*, Case No. 19 AP 00963 in the Bankruptcy Court, an adversary complaint against Nicole Elizabeth Zilberbrand, seeking to deny her discharge and determine the dischargeability of the Judgment, and

**WHEREAS,** Jason Lewis Zilberbrand has filed an answer to the complaint in pending adversary proceeding 19 AP 00129, and

**WHEREAS,** Nicole Elizabeth Zilberbrand has not filed an answer to the complaint in pending adversary proceeding 19 AP 00963, and

**WHEREAS,** Jason Lewis Zilberbrand and Nicole Elizabeth Zilberbrand deny the allegations set forth in the respective complaints; and

**WHEREAS**, the Parties desire to avoid the fees and costs otherwise associated with the continuing litigation of the adversary proceedings 19 AP 00129 and 19 AP 00963 (collectively, the "Pending Adversaries") and to settle and compromise on the terms set forth below; and

**WHEREAS**, the entry into this Settlement Agreement shall in no way constitute an admission of any liability on behalf of Jason Lewis Zilberbrand or Nicole Elizabeth Zilberbrand and shall in no way constitute an admission of any of the allegations set forth in the complaints; and

**WHEREAS**, the Parties have selected or have had the opportunity to consult with counsel of their respective choice in connection with the matters related to this Settlement Agreement.

**NOW THEREFORE**, in consideration of the premises aforesaid and the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Recitals Incorporated.** The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Settlement Agreement.

2. **Payment of Settlement**. In consideration of the dismissal of both Pending Adversaries with prejudice, Debtors agree to pay to the Trustee a sum of $100,000.00, as described more fully below:

    a. The Debtors shall pay $25,000.00 to the Trustee within 14 days of the later of entry of orders entered in bankruptcy cases 17 B 04034 and 19 B 18655 (a) approving this settlement, (b) entry of orders dismissing both Pending Adversaries with prejudice; and (c) no third parties seeking to take over and proceed with either of the Pending Adversaries.
    b. The Debtors shall make payment of $6,250.00 per month for the following 12 months, due on the first day of the month following the initial payment referenced in paragraph 2.a above.
    c. The Debtors shall have the right at any time to accelerate the payments and pay the amounts due prior to 12 months, at their sole and exclusive option, with no penalty.
    d. In the event of a default under this agreement, the Trustee may move to reinstate the Adversary Proceedings. The parties do not waive any of their respective claims or defenses in the Adversary Proceedings by virtue of entering into this Settlement Agreement. All payments received under this Agreement shall be retained by the Trustee and applied to any Judgment entered in either Adversary Proceeding should the Trustee reinstate said Adversary Proceedings and prevail in the Adversary Proceedings.
    e. The following shall constitute a default under this agreement: the failure to make any payment as provided for in this agreement with such failure continuing for five (5) business days, without respect to any notice or the circumstances or parties responsible for such failure, with the exception of the failure of the Trustee or Trustee's agent to accept or deposit any payment in a timely manner.

  f. In the event that the Debtors pay the Trustee a total of $100,000.00, as described in paragraphs 2.a and 2.b above, the Trustee will not be entitled to reinstate the Pending Adversaries and will not seek orders vacating Jason Lewis Zilberbrand's discharge or denying the dischargeability of any or all of Nicole Elizabeth Zilberbrand's debts.

  g. In no event are any payments to the Trustee pursuant to paragraph 2.a or 2.b refundable to the Debtors, and such payments are represented to be free of any competing claims or liens; provided that if any payment is subsequently avoided and required to be refunded by the Trustee to any person, then such shall be considered an event of default and the Trustee may proceed as provided in paragraph 2.d.

3. **Adversary Proceedings**. The Trustee shall file the necessary motions for approval of this Settlement Agreement with the Bankruptcy Court and for hearing concurrent therewith, Motions to Dismiss the Adversary Proceedings in accordance with Local Rule 7041-1.

4. **Notices**. Any notices or other communications required or permitted hereunder shall be given to the following:

  To Trustee:  Paul M. Bauch
        Lakelaw
        53 W. Jackson Blvd., Suite 1115
        Chicago, IL 60604
        pbauch@lakelaw.com

  To either or both Debtors:  Arthur Simon
        Crane, Simon, Clar & Goodman
        135 S. LaSalle St., Suite 3705
        Chicago, IL 60603
        asimon@cranesimon.com

or to such other address or email address as shall be furnished in writing by such party, provided that any notice or communication changing any of the addresses set forth above shall be effective and deemed given only upon receipt. Any other notice or communication given pursuant to this Settlement Agreement shall be effective as follows: (a) upon receipt, when delivered in person (including via overnight courier) or electronically via electronic mail; and (b) three (3) days following the date of mailing when sent by First Class U.S. Mail, postage prepaid, addressed to the parties at the above-referenced addresses.

5. **Binding**. This Settlement Agreement shall be valid and binding upon the Parties, and their successors and assigns.

6. **Bankruptcy Court Approval**. This Settlement Agreement shall be subject to the approval of the Bankruptcy Court.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed as of the date specified on the first page hereof.

**JASON LEWIS ZILBERBRAND**

By: _____
    Jason Lewis Zilberbrand


**NICOLE ELIZABETH ZILBERBRAND**

By: _____
    Nicole Elizabeth Zilberbrand

**ILENE F. GOLDSTEIN, NOT INDIVIDUALLY, BUT IN HER CAPACITY AS CHAPTER 7 TRUSTEE FOR JASON LEWIS ZILBERBRAND**

By: _____

Paul M. Bauch
Lakelaw
53 W. Jackson Blvd., Suite 1115
Chicago, IL 60604